IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1264 T
(JUDGE HORN)

EXPEDIENT HOLDINGS USA, LLC,

Plaintiff

v.

THE UNITED STATES,

Defendant

# JOINT PRELIMINARY STATUS REPORT

Pursuant to paragraphs 4 and 5 of RCFC Appendix A, the parties submit the following information:

## a. JURISDICTION

Plaintiff asserts that the Court has jurisdiction over this suit. Defendant asserts that this Court lacks jurisdiction in this action with respect to any quarter ended prior to June 1, 2001, because plaintiff did not file timely claims for refund as required by 26 U.S.C. §§ 7422(a) and 6511(a). As to the remaining quarters involved in this suit, defendant cannot determine at this juncture whether plaintiff has satisfied several specific jurisdictional prerequisites: (1) whether the excise tax amounts claimed by plaintiff were actually paid and (2) if the taxes were paid, whether any other party has obtained a refund of any of the taxes paid.

b. CONSOLIDATION

The parties know of no other case before the Court of Federal Claims with which this case should be consolidated.

c. BIFURCATION OF TRIAL

In the event of a trial in this case, the parties believe that separate trials on the questions of liability and damages are unnecessary, and all evidence necessary to resolve both questions should be presented together. We would ask the Court initially to determine the question of liability only, and afterwards, depending upon the Court's ruling on the merits of the dispute, permit the parties a reasonable period to perform and agree upon any necessary computation of the tax and interest due, so that the parties can submit a stipulation as to the amount of any judgment. This will avoid devoting unnecessary attention to computations at trial.

d. DEFERRAL OF PROCEEDINGS

The issues in this case appear to be similar to the issues in XO Communications, Inc. v. United States, Fed. Cl. No. 03-2754 T (2003), which currently is pending before Judge Williams. In XO, the parties have settled several issues and have briefed the "Dial Access" issue on cross-motions for summary judgment. In addition, there are a number of other cases pending in the Court involving similar issues, most of which are in the early stages of proceedings: Adelphia Cablevision, LLC v. United States, Fed. Cl. No. 05-1014 T (2005); AlleghenyIntel LLC v. United States, Fed. Cl. No. 05-516 T (2005); Comcation, Inc. v. United States, Fed. Cl. No. 05-515 T (2005); Evenlink, LLC v. United States, Fed. Cl. No. 05-1105 T (2005); Fastnet Corp. v. United States, Fed. Cl. No. 05-1019 T (2005); LocalNet v. United States, Fed. Cl. No. 05-1263 T (2005); Magpage Internet Services, Inc. v. United States, Fed. Cl. No. 05-485 T (2005); Netforce, Inc. v.

United States, Fed. Cl. No. 05-514 T (2005); Southern New Jersey Internet Provider v. United States, Fed. Cl. No. 05-501 T (2005); Stargate Industries, LLC v. United States, Fed. Cl. No. 05-1109 T (2005); USA Choice Internet Service, Inc. v. United States, Fed. Cl. No. 05-525 T (2005); Velocity Net, Inc. v. United States, Fed. Cl. No. 06-26T (2006); XO Communications, Inc. v. United States, Fed. Cl. No. 06-40T (2006). At this juncture, the parties do not believe that proceedings in this case should be deferred pending the outcome of any of the foregoing cases because discovery is required in any event. The parties know of no basis for transferring this case to another tribunal.

e. REMAND OR SUSPENSION

Not applicable.

f. ADDITIONAL PARTIES

The parties know of no additional parties to be joined.

g. DISPOSITIVE MOTIONS

In the event that the parties are unable to resolve any jurisdictional issues informally, defendant would file a motion to dismiss the relevant portions of the case. Once any jurisdictional issues are informally or formally resolved, it may be possible to resolve this case through summary judgment. Until discovery is completed, though, the parties will not be able to determine whether there are any issues of fact that would preclude resolving this case by summary judgment.

h. ISSUES

The fundamental issue in a tax refund suit is whether the taxpayer can establish that it has overpaid its taxes for the periods in suit. See Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. Cl. 276, 340 F.2d 624 (1965). The specific substantive issue raised in this refund suit is whether the amounts allegedly paid by plaintiff for certain communications services are subject to the communications excise tax imposed by I.R.C. § 4251.

i. SETTLEMENT

At this juncture, defendant does not believe that this case is susceptible to settlement or ADR because a judicial determination of the issues involved here is important for the purposes of tax administration.

j. TRIAL

At this juncture, the parties have not determined whether a trial will be necessary in this case.

k. ELECTRONIC CASE MANAGEMENT

At this juncture, the parties are not aware of any special issues regarding electronic case management needs.

l. OTHER INFORMATION

The issues in this case are similar to the issues in XO Communications, Inc. v. United States, Fed Cl. No. 03-2754 T (2003), currently pending before the Court .

PROPOSED DISCOVERY PLAN

The parties request an initial period for discovery of 120 days from the date the Court

enters a discovery order in this case, after which the parties will file a status report to advise the Court of the progress of discovery. It appears that expert witness testimony may be required in this case so additional discovery relating to any expert witness testimony may be necessary.

Respectfully submitted,

March 29, 2006
Date

s/Anthony C. Gulotta
Anthony C. Gulotta, Esquire
Anderson & Gulotta, P.C.
1110 North Mountain Road
Harrisburg, PA 17112
(717) 635-7145

Attorney for Plaintiff

March 31, 2006
Date

s/G. Robson Stewart
G. ROBSON STEWART
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6493

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief
Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

March 31, 2006
Date

s/Steven I. Frahm
Of Counsel

Attorneys for Defendant